UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRENDALEA HAMILTON, : | |
|     Plaintiff, : | |
| : | |
|     v. : | |
| : | Civil No. 3:08cv164 (PCD) |
| TOWN OF HAMDEN, : | |
| OFFICER ANGELO DILETO, and : | |
| OFFICER MICHAEL DEPALMA. : | |
|     Defendants. : | |

## RULING ON MOTION TO DISMISS

Defendant Town of Hamden has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Brendalea Hamilton's Amended Complaint for failure to state a claim upon which relief may be granted. For the reasons stated herein, the Motion to Dismiss [Doc. No. 23] is **granted** with respect to all claims against Defendant Town of Hamden and as to the claims of intentional and negligent infliction of emotional distress as to all Defendants, and **denied** as to the Section 1983 claims against Defendant Officers Angelo Dileto and Michael DePalma.

I.    BACKGROUND

In deciding a motion to dismiss under Rule 12(b)(6), well-pleaded facts must be accepted as true and considered in the light most favorable to the non-moving party. Patane v. Clark, 508 F.3d 106, 111 (2d Cir. 2007) (citation omitted). In her Amended Complaint [Doc. No. 21] filed July 28, 2008, Plaintiff alleges the following facts. Plaintiff is a resident of West Haven, Connecticut. Defendant Town of Hamden is a municipal corporation within the State of Connecticut. Defendant Officers Angelo Dileto and Michael DePalma were at all times relevant to this action police officers in the police department of the Town of Hamden, acting in such

capacity as the agents, servants, and employees of the Town of Hamden and acting under color of law pursuant to their authority as police officers.

At about 9:30 PM on January 30, 2006, Defendant Officers without a warrant and probable cause searched Plaintiff's home at 215 Jaffrey Street, #17, West Haven, Connecticut. Defendant Officers detained Plaintiff during the search and "pushed the Plaintiff around, ransacked the home and/or turned it upside down and searched everything in the home in the presence of her two minor children and the neighbors watching." [Doc. No. 21, ¶ 8] Defendant Officers then told Plaintiff that they did not find any drugs, and seized seven hundred fifty ($750.00) dollars, of which five hundred ($500.00) dollars were later returned to her. As a result of the events described above, Plaintiff suffered psychological injury, including sleep problems, anxiety, mental and emotional distress, nightmares and frightening recollections of the search, for which she underwent psychological treatment.

On January 30, 2008, Plaintiff initiated this suit against Defendant Town of Hamden and four police officers named as Officers John Doe I, II, III and IV. After Defendant moved to dismiss, Plaintiff simultaneously opposed the motion to dismiss and sought leave to amend the complaint. Leave to amend was granted and Plaintiff substituted current Defendant Police Officers Angelo Dileto and Michael DePalma for the four John Doe officers named in the initial complaint. When amending the complaint, Plaintiff also modified the time of the incident alleged in the complaint, changing it from 8 PM to 9:30 PM. [Compare Doc. No. 1, ¶ 7 and Doc. No. 21, ¶ 7] Defendant thereafter filed the instant motion to dismiss the Amended Complaint, and Plaintiff responded.

Plaintiff, who is represented by counsel, alleges that the actions of Defendants "deprived

Plaintiff of her right to travel, the freedom from unreasonable search without a warrant, seizure and detention, to be served in her person and property, the freedom from false imprisonment, her right to be free from unconstitutional abridgment of the privileges and immunities that she enjoys as an American, the freedom from conspiracies to deprive the Plaintiff of her rights of due process and equal protection of the law." [Doc. No. 21, ¶ 10.] Plaintiff makes claims under 42 U.S.C. § 1983 and § 1988 and alleges violations of Article Four and the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. [Doc. No. 21, ¶¶ 10-11.] Plaintiff also asserts claims against all Defendants for both intentional and negligent infliction of emotional distress.

II. STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true. Easton v. Sundram, 947 F.2d 1011, 1015 (2d Cir. 1991). In addition, all reasonable inferences must be drawn in the Plaintiff's favor. Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 216 (2d Cir. 2004). The court may dismiss a claim under Fed. R. Civ. P. 12(b)(6) only if the Plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1960 (2007). A motion to dismiss is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." In re Scholastic Corp. Sec. Litig., 252 F.3d 63, 69 (2d Cir. 2001) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

The function of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which

3

might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 776 (2d Cir. 1984). In ruling on a 12(b)(6) motion to dismiss, the Court may consider only the allegations made in the complaint, documents attached to the complaint, documents incorporated into the complaint by reference, and any facts of which judicial notice may be taken. See Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996); Brass v. Am. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Samuels v. Air Transp. Local 504, 992 F2d 12, 15 (2d Cir. 1993). Notwithstanding that the motion before the Court is a motion to dismiss rather than a motion for summary judgment, both Plaintiff and Defendant have appended numerous exhibits to their memoranda regarding the motion. Defendant has attached to its memorandum in support of the motion to dismiss both the Hamden and West Haven police reports regarding the incident, as well as the warrant authorizing the search of Plaintiff's apartment. Plaintiff has attached to her memorandum in opposition to the motion to dismiss the two police reports, the search warrant, Plaintiff's affidavit, and a letter from a psychologist with whom Plaintiff had four visits several months after the January 30, 2006 incident that gave rise to this lawsuit.[1]

Typically, when a party submits additional evidence to the Court in connection with a motion to dismiss, the Court must convert the motion to dismiss into a motion for summary judgment or exclude the extraneous documents from consideration. FED. R. CIV. P. 12(b); see also Fonts v. Bd. of Managers of Continental Towers Condos., 848 F.2d 24, 25 (2d Cir.1988);

---

[1] Plaintiff filed these exhibits along with her objection to the motion to dismiss the initial Complaint. [Doc. No. 18] When she filed her objection to the motion to dismiss the Amended Complaint [Doc. No. 24], Plaintiff failed to re-file the exhibits, but the memorandum in support of her objection to the motion to dismiss the Amended Complaint nonetheless makes repeated reference and citation to the previously-filed exhibits.

Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir. 1999); Negron v. Weiss, No. 06-CV-1288 (CBA), 2006 WL 2792769, at *2 (E.D.N.Y. Sept. 27, 2006). When a Plaintiff does not attach to the complaint or incorporate by reference a legal document upon which it relies and which is integral to the complaint, the Defendant may produce that document when attacking the complaint for its failure to state a claim. Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 47 (2d Cir. 1991); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the Court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." (citing Int'l Audiotex Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995))).

      Here, Plaintiff's Amended Complaint makes repeated reference to Defendants' acting "without a warrant and probable cause" in searching her apartment, yet both Plaintiff and Defendant have attached the search warrant as an exhibit to their memoranda regarding the motion to dismiss the Amended Complaint. In order to resolve the motion to dismiss, the Court must address this facial inconsistency between Plaintiff's claim that there was no search warrant and her inclusion of such. Given that the search warrant is central to the parties' arguments on the motion to dismiss, the Court will review that document, which was attached to both parties' memoranda regarding the motion to dismiss, in the light most favorable to Plaintiff in arriving at its ruling. The Court will exclude the remainder of the exhibits attached to the parties' filings in this matter, as such evidence is more appropriately reviewed upon motion for summary judgment than upon motion to dismiss, and the Court has declined to convert the motion to dismiss into a motion for summary judgment.

III.    DISCUSSION

    A.    <u>Claims as to Defendant Town of Hamden</u>

Defendant has moved to dismiss Plaintiff's claims against the Town of Hamden on the basis that the Amended Complaint does not satisfy the requirements to bring a Section 1983 action against a municipality, specifically because Plaintiff has not alleged that the constitutional violations were committed pursuant to an official policy, as required by <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978). "A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>Id</u>. at 694.

To state a claim for municipal liability under 42 U.S.C. § 1983, a Plaintiff must plead three elements: "(1) an official policy or custom that (2) causes the Plaintiff to be subjected to (3) a denial of a constitutional right." <u>Zahra v. Town of Southod</u>, 48 F.3d 674, 685 (2d Cir. 1995) (citations omitted); <u>see</u> <u>also</u> <u>City of Canton v. Harris</u>, 489 U.S. 378, 389 (1989). Liability is not available under a theory of respondeat superior. <u>Looby v. City of Hartford</u>, 152 F. Supp. 2d 181, 187 (D. Conn. 2001). Instead, a municipality is liable only where "deliberate action attributable to the municipality itself is the 'moving force' behind the Plaintiff's deprivation of federal rights." <u>Id.</u> (quoting <u>Brown v. Bd. of Cty. Cmm'rs</u>, 520 U.S. 397, 400 (1997)).

Plaintiff has not alleged that Defendant Officers were acting pursuant to any official policy or custom on the part of Defendant Town of Hamden. To the contrary, Plaintiff's Amended Complaint alleges that "the unlawful detention, search and seizure without a warrant of

6

the Plaintiff Brendalea Hamilton's apartment and/or home by the Defendant Officers violated the rules and regulations of the Town of Hamden regarding search and seizure without a warrant." [Doc. No. 21, ¶ 13]

Challenged in Defendant's Motion to Dismiss to identify where in the Amended Complaint Plaintiff had alleged that the constitutional violations were committed pursuant to a policy or custom of Defendant Town of Hamden, Plaintiff responded, "It is obvious that the Defendants' Police Officers were acting pursuant to the policy to search and seize things." [Doc. No. 24-2 at 7] Plaintiff cannot rely on a contention that a municipality's official policy is "obvious" if such policy is not anywhere alleged in the Amended Complaint. Even if the Amended Complaint had alleged that the Defendant Police Officers were acting pursuant to an official policy on the part of the Defendant Town of Hamden to "search and seize things," which it did not, that would not be sufficient to withstand a motion to dismiss because it is part of police officer's jobs to "search and seize things," and doing so is not intrinsically unconstitutional if it is done with a warrant, consent, or under certain other circumstances which are not at issue here. Therefore it would be perfectly acceptable for the Town of Hamden to have an official policy pursuant to which police "search and seize things," although, as noted above, no such policy has in fact been alleged in the Amended Complaint.

Plaintiff is represented by counsel and has already once been granted leave to amend the complaint, yet has failed to claim that any constitutional violations allegedly committed by Defendant police officers were undertaken pursuant to an official policy or custom on the part of Defendant Town of Hamden. Nor has Plaintiff even attempted to articulate such a policy when

7

pressed on the point in Defendant's motion to dismiss.[2]  Plaintiff has failed with respect to her claims against Defendant Town of Hamden to meet even basic notice pleading standards, requiring only "a short and plain statement of the claim," Fed. Rule Civ. Proc. 8(a)(2), that is sufficient to give Defendant "fair notice of what the Plaintiff's claim is and the grounds upon which it rests." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2507 (2007), quoting Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (internal quotation marks omitted).  The motion to dismiss Plaintiff's claims against Defendant Town of Hamden is granted.  Because the Court has granted the motion to dismiss all counts against Defendant Town of Hamden, it need not address Defendant's additional argument that Plaintiff's demand for punitive damages against the Town of Hamden should be disallowed because a private litigant cannot recover punitive damages against a municipality in a §1983 action.

   B.  Section 1983 Claims as to Individual Defendants

Plaintiff's Amended Complaint repeatedly alleges that the search of her apartment was conducted without a warrant or probable cause, yet she has attached a copy of the search warrant as an exhibit to her opposition to Defendant's motion to dismiss.  The Amended Complaint itself makes no attempt to proactively address or reconcile this apparent factual discrepancy, and in that respect is arguably not a clear statement of Plaintiff's argument sufficient to place Defendants on notice of the manner in which they allegedly violated her rights, in order that they may defend themselves.

It becomes apparent only from Plaintiff's objection to the motion to dismiss that her

---

[2] The shortcoming having twice been brought to Plaintiff's attention, the Court can only conclude that Plaintiff has failed to articulate such a policy because she cannot do so, and the Court will not grant Plaintiff additional leave to amend in order to attempt to state a policy.

argument is that Defendants searched her apartment without a warrant, in that they obtained the warrant *after* the search had been completed. Plaintiff contends that "[t]he so called warrant provided by the Defendant... shows that the said warrant was issued at 10:26 p.m...almost an hour after the unlawful search was conducted." [Doc. No. 24-2 at 8] Judge Joseph Licari signed the warrant at 10:26 PM on January 30, 2006. (See Warrant at page 2.) [Doc. No. 23-3 at 25] Plaintiff states in her Amended Complaint that the search of her apartment took place earlier, at 9:30 PM. The Hamden Police Department incident report, by contrast, indicates that the search took place at 22:42 hours, which is 10:42 PM [Doc. No. 23-3 at 41] and the incident report of the West Haven Police Department, which is not a party to this action, also states that the search took place at "approximately 22:45 hours," which is 10:45 PM. [Doc. No. 23-3 at 38]

Plaintiff's argument implies, although she does not explicitly state in either her Amended Complaint or her objection to the motion to dismiss, that the police reports were intentionally falsified in order to conceal the fact that the search of Plaintiff's apartment was conducted before police obtained the search warrant. To the extent that Plaintiff seeks to make such a claim, and to the extent that she has elected to attach the search warrant and police reports to her response to Defendant's motion, it would seem appropriate that she elaborate somewhat in her Amended Complaint her bald contention that her apartment was searched "without a warrant," in order to make clear therein her allegation that the search warrant is invalid because of the time at which it was obtained, and that the police reports indicating a time later than that at which she claims the search occurred are falsified. Allegations regarding timing are material when testing the sufficiency of a pleading. See Federal Rule of Civil Procedure 9(f). For the sake of clarity, Plaintiff's Amended Complaint should have laid out more explicitly her contention that

9

Defendants failed to obtain the warrant until after the search. Furthermore, such elaboration is arguably necessary merely to render Plaintiff's Amended Complaint "plausible on its face," as required by Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1960 (2007), and to reconcile the apparent presence of a search warrant with Plaintiff's allegation that her apartment was searched without a warrant. However, since Plaintiff has articulated in opposition to the motion to dismiss a theory that is plausible and that is not inconsistent with the statement in her Amended Complaint that her home was searched without a warrant, the Amended Complaint has met the minimum standard to survive a motion to dismiss on that front.

Defendant states that its motion to dismiss the Section 1983 claims for failure to state a claim should be granted because Plaintiff's Amended Complaint "contains nothing but conclusory allegations and unwarranted inferences that do not state a claim and do not rise to the level of any violation of the Plaintiff's constitutional rights." [Doc. No. 25 at 4] The full extent of the factual allegations in Plaintiff's Amended Complaint is that Defendant Police Officers, after entering Plaintiff's home without a search warrant, "pushed the Plaintiff around, ransacked the home and/or turned it upside down and searched everything in the home in the presence of her two minor children and the neighbors watching." [Doc. No. 21, ¶ 8] As Defendants have noted, Plaintiff has not alleged any physical injuries nor the destruction of anything in her home. Defendants maintain that under controlling law, Plaintiff's allegation that officers left an apartment "ransacked" does not state a constitutional violation where the Plaintiff has "presented no evidence that the officers wantonly damaged or destroyed property or conducted the search in a manner inconsistent" with finding the items named in the search warrant they were executing. Doc. No. 23-2 at 11-12, quoting Martin v. Rodriguez, 154 F. Supp. 2d 306, 315 (D. Conn. 2001)

10

(citing Lewis v. City of Mount Vernon, 984 F. Supp. 748, 756 (S.D.N.Y. 1997)). Defendants note that even destruction of property during a search does not necessarily violate the Fourth Amendment because officers executing a search warrant may need to damage property to perform their duties. Similarly, Defendants argue with respect to Plaintiff's contention that she was detained and "pushed around," that Defendants had the right to detain Plaintiff while the search was conducted, and that any force involved in so detaining Plaintiff was *de minimus*.

Defendants' arguments with respect to the legal insufficiency of Plaintiff's Amended Complaint to state a claim under Section 1983 necessarily rely on the Court's accepting Defendants' contention that the search was indeed conducted pursuant to and subsequent to having obtained a valid warrant. Yet the Court is required to accept as true for the purposes of deciding a motion to dismiss all well-plead facts in the Amended Complaint. Plaintiff has alleged that Defendants acted without a warrant and probable cause, and has clarified in her opposition to the motion to dismiss how, because of the relative timing of the search and the warrant, that assertion could be consistent with the existence of the search warrant. Assuming then for the purposes of deciding the motion to dismiss that the search was conducted in the absence of a valid warrant, Defendants would not have been justified in entering Plaintiff's home, detaining her, ransacking her apartment, and pushing her around, as she has alleged. Therefore, she has stated a claim sufficient to survive a motion to dismiss.

In order to decide otherwise, the Court would have to rely, as Defendants invite it to do, on the police reports showing that Defendants conducted the search at 10:45 PM, after obtaining the warrant at 10:26 PM, rather than undertaking the search at 9:30 PM as Plaintiff has claimed in her Amended Complaint. To make this determination, the Court would have to pierce the

pleadings to review the additional evidence submitted by the parties, including the police reports, and make a determination as to whether there is sufficient evidence based upon which a reasonable trier of fact could return a verdict in favor of Plaintiff. Such a determination is more appropriately made at summary judgment, upon a hopefully more complete record after discovery, particularly in light of the fact that the Second Circuit has generally disfavored granting of 12(b)(6) motions to dismiss in the civil rights context. Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.), cert. denied, 513 U.S. 836 (1994) ("the standard [prohibiting dismissal under Rule 12(b)(6) unless Plaintiff clearly can prove no set of facts in support of her claim which would entitle her to relief] is applied with even greater force where the Plaintiff alleges civil rights violations").

     C.     Qualified Immunity

Defendant also argues that Plaintiff's Amended Complaint should be dismissed as to the Defendant Police Officers because they are shielded by the doctrine of qualified immunity. A government official sued in his or her individual capacity is entitled to qualified immunity if the "Plaintiff's right not to be subjected to such conduct by the Defendant was not clearly established at the time it occurred" or if "the Defendant's action was objectively legally reasonable in light of the legal rules that were clearly established at the time it was taken." Rapkin v. Rocque, 228 F. Supp. 2d 142, 145-46 (D. Conn. 2002) (citing Munafo v. Metro. Transp. Auth., 285 F.3d 201, 210 (2d Cir. 2002)); accord Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001); Anderson v. Creighton, 483 U.S. 635, 639-40, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987). The standard for establishing qualified immunity is particularly stringent on a Rule 12(b)(6) motion. McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004). "Not only must the facts

supporting the defense appear on the face of the complaint, but, as with all Rule 12(b)(6) motions, the motion may be granted only when it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Id. (internal citations and quotation marks omitted).

A right is "clearly established" if (1) the law is defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has recognized the right, and (3) "a reasonable Defendant [would] have understood from the existing law that [his] conduct was unlawful." Young v. County of Fulton, 160 F.3d 899, 903 (2d Cir. 1998). "The question is not what a lawyer would learn or intuit from researching case law, but what a reasonable person in the Defendant's position should know about the constitutionality of the conduct." McCullough v. Wyandanch Union Free Sch., 187 F.3d 272, 278 (2d Cir. 1999).

Issues involving the defense of qualified immunity should ordinarily be decided "at the earliest possible stage in litigation." Anderson v. Creighton, 483 U.S. 635, 646 (1987). The Second Circuit has said that a Court should decide the issue of qualified immunity "as a matter of law, preferably on a pretrial motion for summary judgment when possible." Warren v. Dwyer, 906 F.2d 70, 76 (2d Cir. 1990). However, an individual Defendant is entitled to qualified immunity on a motion to dismiss "if the allegations of the complaint fail to 'state a claim of violation of clearly established law.'" Connell v. Signoracci, 153 F.3d 74, 80 (2d Cir. 1998) (citing Behrens v. Pelletier, 516 U.S. 299, 306 (1996)). In general, "[p]ublic officials enjoy qualified immunity from suit for damages under 42 U.S.C. § 1983 for acts undertaken in their official capacity, unless their conduct violates clearly established constitutional rights of which an objectively reasonable official would have known." Harhay v. Town of Ellington Bd. of

Educ., 323 F.3d 206, 211 (2d. Cir. 2003) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

The rationale for this qualified immunity is that by shielding government officials from liability they will be protected from "undue interference with their duties and from potentially disabling threats of liability." Wolocko v. Town of Ridgefield, 2000 WL 565447 *5 (D. Conn. 2000) (citing Harlow, 457 U.S. at 806.) The Second Circuit has established a three-step analysis to determine whether an official is entitled to qualified immunity. First, it must be decided whether a Plaintiff has alleged a violation of a constitutional right. Harhay, 323 F.3d at 211. Then, the Court must consider whether the violated right was clearly established at the time of the conduct. Id. (See Saucier v. Katz, 533 U.S. 194, 201 (2001)). A right is clearly established when "a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Finally, even if the Plaintiff has a clearly established, constitutionally protected right that was violated by the actions of the governmental or municipal official, he or she must demonstrate that Defendants' actions were not objectively reasonable. Harhay, 323 F.3d at 211.

If, as Plaintiff contends, Defendant Police Officers searched Plaintiff's apartment without a warrant, subsequently obtained a warrant under the pretext that they had not yet searched the apartment, and then falsified police reports in order to make it appear as if they conducted the search after obtaining the warrant, then they would have been aware that what they were doing was unconstitutional. Since their alleged conduct violated clearly established constitutional rights of which an objectively reasonable official would have known, qualified immunity is not available upon motion to dismiss.

D.  Intentional Infliction of Emotional Distress

Plaintiff brings a state law tort claim against Defendants for intentional infliction of emotional distress, asserting the same facts alleged in support of her § 1983 claim, specifically that Defendant officers, after entering Plaintiff's home without consent or a search warrant, "pushed the Plaintiff around, ransacked the home and/or turned it upside down and searched everything in the home in the presence of her two minor children and the neighbors watching." [Doc. No. 21, ¶ 8] In her claim for intentional infliction of emotional distress, Plaintiff does not further elaborate these facts, except to state in a conclusory manner that the acts were committed by Defendant officers "intentionally and/or recklessly" and that they caused Plaintiff "severe emotional distress." [Doc. No. 21, ¶ 16] Defendants move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss this claim on the grounds that the conduct alleged by Plaintiff is not severe enough to sustain a claim for intentional infliction of emotional distress.

To prevail on a claim of intentional infliction of emotional distress, a Plaintiff must prove: "(1) that the actor intended to inflict emotional distress, or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the Defendant's conduct was the cause of the Plaintiff's distress; and (4) that the emotional distress sustained by the Plaintiff was severe." Petyan v. Ellis, 200 Conn. 243, 253 (1996). See also Benton v. Simpson, 78 Conn. App. 746, 753 (2003); Appleton v. Bd. of Educ. of Town of Stonington, 254 Conn. 205, 210 (2000); Massey v. Town of Windsor, 289 F. Supp. 2d 160, 165 (D. Conn. 2003); Kilduff v. Consential Inc., 289 F. Supp. 2d 12, 21 (D. Conn. 2003). Liability for the intentional infliction of emotional distress requires a showing that Defendants' conduct "has been so outrageous in character, and so extreme in degree, as to go

15

beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Appleton, 254 Conn. at 211. The Defendants' conduct "cannot be merely rude, tactless or insulting." Garris v. Dep't of Corr., 170 F. Supp. 2d 182, 189 (D. Conn. 2001). The "extreme and outrageous" standard requires that the conduct "exceed[ ] all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." Petyan v. Ellis, 200 Conn. 243, 254 n. 5, 510 A.2d 1337 (1986). After recitation of allegations to an average representative of the community, such recitation would arouse the anger of the representative and cause him or her to exclaim "Outrageous!" Kilduff v. Cosential., Inc., 289 F. Supp. 2d 12, 21 (D. Conn. 2003) (citing Carrol v. Allstate Ins. Co., 262 Conn. 433, 442, 815 A.2d 119, 125 (2003)); Appleton, 254 Conn. at 210.; 1 RESTATEMENT (SECOND), TORTS § 46, cmt (d) (1965)).

The determination of "whether a Defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine." Appleton, 254 Conn. at 210. Federal courts in this district, interpreting Connecticut law, have interpreted the qualification of extreme and outrageous conduct strictly. Golnik v. Amato, 299 F. Supp. 2d 8, 15 (D. Conn. 2003) (citing cases). The Court must evaluate whether the "conduct, not the motive behind the conduct, is extreme or outrageous." Armstead v. The Stop & Shop Co., Inc., 200 WL 1343245, at *5 (quoting Miner v. Town of Cheshire, 126 F. Supp. 2d 184, 195 (D. Conn. 2000)). See also Huff v. West Haven Bd. of Educ., 10 F. Supp. 2d 117, 123 (D. Conn. 1998) ("motive ... is not relevant to whether the act was outrageous; it is the act itself which must be outrageous."). Even conduct which is unlawful may not be labeled "extreme and outrageous" unless it has a "natural tendency to have an extraordinarily negative effect upon the emotional

16

well-being of any person who is exposed or subject to it." Scandura v. Friendly Ice Cream Corp., No. CV 930529109S, 1996 WL 409337, at *2-3 (Conn. Super. Ct. June 26, 1996). The conduct alleged by Plaintiff is not so naturally humiliating or devastating to a person's emotional well-being to rise to the level of conduct which satisfies a claim of intentional infliction of emotional distress. On its face, the Amended Complaint does not allege facts that "transcend the bounds of civilized society, regardless of whether Defendants' actions were objectionable and actionable on other grounds." Massey, 289 F. Supp. 2d at 166. Therefore, the motion to dismiss the claim for intentional infliction of emotional distress is granted as to all Defendants.

E. Negligent Infliction of Emotional Distress

A two-year statute of limitations applies to claims of negligent infliction of emotional distress under Connecticut law. Rivera v. Double A Transp. Inc., 248 Conn. 21, 29-30, 727 A.2d 204 (1999) (applying two-year statute of limitations prescribed by CONN. GEN. STAT. § 52-584 to negligent infliction of emotional distress claim). The search of Plaintiff's home occurred on January 30, 2006. The initial complaint was filed exactly two years later, on January 30, 2008. However, that initial complaint named as individual Defendants four John Doe police officers. Officers Angelo Dileto and Michael DePalma were not named as Defendants until the Amended Complaint, which was filed on July 28, 2008, after the expiration of the two year statute of limitations with respect to claims for negligent infliction of emotional distress. "'John Doe' pleadings cannot be used to circumvent statutes of limitations, because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993). Plaintiff's Amended Complaint identifying the names of the originally sued "John Doe" police officers does not relate back to the original complaint pursuant

17

to Rule 15(c) and is therefore time-barred.  Schwartz v. Town of Plainville, 483 F. Supp. 2d 192, 194-195 (D. Conn. 2007), citing Reed v. Hartford Police Dep't, No. 3:03cv2147 (SRU)(WIG), 2006 U.S. Dist. LEXIS 60541, 2006 WL 2349591, at *5-*6 (D. Conn. July 25, 2006); Shell v. Brzezniak, 365 F. Supp. 2d 362, 367-68 (W.D.N.Y. 2005); Sepulveda v. City of New York, No. 01cv3117 (GBD), 2003 U.S. Dist. LEXIS 15182, 2003 WL 22052870, at *3 (S.D.N.Y. Sept. 2, 2003).  The motion to dismiss the claim for negligent infliction of emotional distress is granted as to all Defendants.

IV.     CONCLUSION

For the reasons stated herein, the motion to dismiss [Doc. No. 23] is **granted** as to all claims against Defendant Town of Hamden and as to the claims against all Defendants for intentional and negligent infliction of emotional distress.  The only claim surviving the motion to dismiss is Plaintiff's Section 1983 claim against Defendant Officers Angelo Dileto and Michael DePalma.

SO ORDERED.

Dated at New Haven, Connecticut, November  19 , 2008.

/s/
Peter C. Dorsey, U.S.D.J., District of Connecticut