UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRENDALEA HAMILTON, : | |
|     Plaintiff, : | |
| : | |
|     v. : | |
| : | Civil No. 3:08cv164 (PCD) |
| OFFICER ANGELO DILETO, and : | |
| OFFICER MICHAEL DEPALMA. : | |
|     Defendants. : | |

## RULING ON MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

Defendants Angelo DiLeto and Michael DePalma, officers in the police department of the Town of Hamden, have moved pursuant to Federal Rule of Civil Procedure 12(b)(5) to dismiss Plaintiff Brendalea Hamilton's Amended Complaint for lack of personal jurisdiction, on account of the fact that Plaintiff has not served Defendants within 120 days of filing her Amended Complaint, as required by Federal Rule of Civil Procedure 4(m).  In the alternative, Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56.  For the reasons stated herein, the Motion to Dismiss [Doc. No. 34] and the Motion for Summary Judgment [Doc. No. 36] are **granted.**

### I.     Procedural History

On January 30, 2008, Plaintiff, who is represented by counsel, filed a Complaint [Doc. No. 1] against the Town of Hamden and four (4) John Doe police officers.  Summons were returned executed as to all five Defendants on February 20, 2008.  [See Doc. No. 6]  On May 2, 2008, Defendants moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the claims against the John Doe Defendants because "the use of fictitious names in a summons and complaint is not authorized in Connecticut." [Doc. No. 14-2 at 5]  Defendants also contended that the Section

1983 claim against Defendant Town of Hamden should be dismissed because Plaintiff's Complaint did not assert that the alleged constitutional violations were committed pursuant to an official policy as required by Monell v. Department of Social Services, 436 U.S. 658 (1978). [Doc. No. 14-2 at 9]  In response, Plaintiff moved to amend the complaint, which was granted, and Plaintiff filed her Amended Complaint on July 28, 2008. [Doc. No. 21]  The Amended Complaint deleted the four John Doe officers, and added Officers Angelo DiLeto and Michael DePalma as Defendants.  Defendant Town of Hamden soon thereafter filed a Motion to Dismiss the Amended Complaint [Doc. No. 23], and the original motion to dismiss was therefore denied as moot. [Doc. No. 26]  On November 19, 2008, the Motion to Dismiss the Amended Complaint was granted with respect to all claims against Defendant Town of Hamden and as to the claims of intentional and negligent infliction of emotional distress as to all Defendants, and denied as to the Section 1983 claims against Defendant Officers Angelo DiLeto and Michael DePalma.  [See Ruling, Doc. No. 27]

**II.     Motion to Dismiss**

On February 6, 2009, Defendants Angelo DiLeto and Michael DePalma filed the instant Motion to Dismiss the Amended Complaint on the basis that Plaintiff never served Defendants DiLeto and DePalma with the summons and complaint.  Plaintiff filed her Amended Complaint, which was the first complaint that named DiLeto and DePalma as Defendants, on July 28, 2008.  Notwithstanding the requirement set forth in Rule 4(m) that service be made within 120 days, Plaintiff had not served Defendants DiLeto and DePalma by November 28, 2008, and still had not done so by the filing of this motion to dismiss in February 2009.  Defendants note that Plaintiff did not obtain a waiver of service from them.  Plaintiff does not contend that she

attempted to obtain such waiver and that it was refused. In the absence of a waiver, Rule 4(l) requires that proof of service be made to the court by the server's affidavit, unless service is made by a United States marshal or deputy marshal. Plaintiff has not provided to the court an affidavit of service on DiLeto and DePalma.

Plaintiff's argument in opposition to the motion to dismiss for failure to make service is that Plaintiff served the four John Doe officers with the original complaint, and that the Amended Complaint relates back to the original complaint pursuant to Rule 15(c), and therefore Plaintiff was not required to serve DiLeto and DePalma when they were named as Defendants for the first time in the Amended Complaint. However, "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir. 1995), modified, 74 F.3d 1366 (2d Cir. 1996); see also Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993) ("replacing a 'John Doe' with a named party in effect constitutes a change in the party sued"). Therefore, Plaintiff was required to serve DiLeto and DePalma, and failed to do so. The fact that DiLeto and DePalma appear to have become aware of the proceedings against them notwithstanding the lack of service is not controlling. The remedy provided by Rule 4(m) for failure to make service within 120 days is for the court to dismiss the action without prejudice as to those defendant(s) or to order that service be made within a specified time. In this instance, only ten days after filing this motion to dismiss, Defendants also filed a motion for summary judgment, which has been fully briefed. In the interest of expediting the case, the court will also consider that motion herein.

**III.     Motion for Summary Judgment**

On February 16, 2009, Defendants filed the instant motion pursuant to Rule 56 for summary judgment as to the only remaining count in this action, the Section 1983 claim against Officers Angelo DiLeto and Michael DePalma ("Defendant Officers").  In her Amended Complaint, Plaintiff asserted that at about 9:30 PM on January 30, 2006, Defendant Officers without a warrant and probable cause searched Plaintiff's home at 215 Jaffrey Street, #17, West Haven, Connecticut.  Defendant Officers allegedly detained Plaintiff during the search and "pushed the Plaintiff around, ransacked the home and/or turned it upside down and searched everything in the home in the presence of her two minor children and the neighbors watching." [Amended Complaint ¶ 8]  Plaintiff claims that Defendant Officers then told her that they did not find any drugs, and seized seven hundred fifty ($750.00) dollars, of which five hundred ($500.00) dollars were later returned to her.  Plaintiff further contends that as a result of the events described above, she suffered psychological injury, including sleep problems, anxiety, mental and emotional distress, nightmares and frightening recollections of the search, for which she underwent psychological treatment.

In deciding that these allegations were sufficient to survive a motion to dismiss pursuant to Rule 12(b)(6), the court considered the search warrant, which was attached by both parties to their briefs, in order to reconcile Plaintiff's assertion that the search was conducted "without a warrant and probable cause" with the existence of a warrant.  The court noted that Plaintiff appeared to be arguing that the Defendant Officers had obtained the warrant only after the search had been completed, which, if true, could state a claim.  Because the Court declined to convert the motion to dismiss into a motion for summary judgment *sua sponte*, it excluded the remainder

of the exhibits attached to the parties' filings with regard to the motion to dismiss, noting that such evidence, including affidavits and police reports, would be more appropriately reviewed upon motion for summary judgment, based on a hopefully more developed factual record.

**A.     Standard of Review**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  No genuine issue of material fact exists and summary judgment is therefore appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A material fact is one which "might affect the outcome of the suit under the governing law," and an issue is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  However, "[c]onclusory allegations will not suffice to create a genuine issue." Delaware & H.R. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990).  The moving party bears the burden of establishing that summary judgment is appropriate. Anderson, 477 U.S. at 225.  "A defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial.  It need only point to an absence of proof on the plaintiff's part, and, at that point, plaintiff must 'designate specific facts showing that there is a genuine issue for trial.'" Parker v. Sony Pictures Entm't, Inc., 260 F.3d 100, 111 (2d Cir. 2001) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).

**B.      Discussion**

Notwithstanding that summary judgment serves to pierce the pleadings, Plaintiff's opposition to the motion for summary judgment, her Rule 56(a)(2) Statement, and her Affidavit simply reiterate, nearly verbatim, the assertions in her Amended Complaint. Plaintiff has failed to adduce evidence based upon which a reasonable trier of fact could return a verdict in her favor, and her case amounts to nothing more than a conclusory assertion that the search warrant is invalid.

The key issue raised by Plaintiff is when the search warrant was obtained relative to when the search was executed. Judge Joseph Licari signed the warrant authorizing the search of Plaintiff's apartment at 10:26 PM on January 30, 2006. (Warrant at p. 2) The Hamden Police Department incident report indicates that the search took place at 22:42 hours, which is 10:42 PM, and the incident report of the West Haven Police Department, which has never been a party to this action, also states that the search took place at "approximately 22:45 hours," which is 10:45 PM. In addition, both Defendant Officers have submitted affidavits testifying that the search "occurred subsequent to the obtaining of the signed Search and Seizure Warrant from Judge Licari at 10:26 p.m. on January 30, 2006." (DeLieto Aff. ¶ 5; DePalma Aff. ¶ 5)

Plaintiff states in her Affidavit that the search of her apartment took place "at about 9:30 p.m." (Pl. Aff. ¶ 4) Plaintiff's Amended Complaint also stated that the search started at 9:30 PM, although Plaintiff's original complaint stated that the search began at 8 PM. [Compare Doc. No. 1, ¶ 7 and Doc. No. 21, ¶ 7] In her deposition, Plaintiff states that the police arrived "between 9:00 and 10:00" and that she knows this "because usually my kids - - my [16 year old] son would go to bed around 9:30/10:00," but he was still awake to let the police in, so she surmised that

6

they arrived before 10 PM. (Pl. Dep. 47-48) Plaintiff also testified that she does not wear a watch. (Pl. Dep at 61) Furthermore, Plaintiff has stated repeatedly that Defendant Officers "pushed the Plaintiff around, ransacked the home and/or turned it upside down and searched everything in the home in the presence of her two minor children and the neighbors watching." (Amended Complaint ¶ 8; see also Pl. Aff. ¶ 4) Presumably the neighbors who allegedly witnessed the search could attest to the time of the search, as well as to the other events described, yet no affidavit or deposition testimony from the neighbors has been provided in conjunction with Plaintiff's opposition to the motion for summary judgment. Plaintiff's deposition testimony clarifies that Plaintiff's neighbors were not present at the search, and that Plaintiff has merely assumed that they were aware of it. (Pl. Dep. at 93) ("Q: [Were] your neighbors aware of what happened? A: They probably did. We didn't talk about it or anything like that.") In sum, Plaintiff's allegations with regard to the timing of the search are speculative and indistinct and have changed over time, and do not create a triable issue of material fact as to whether the search was conducted pursuant to a valid warrant.

With regard to Plaintiff's allegation that her home was "ransacked" during the search (Pl. Aff. ¶ 7), Defendants note that Plaintiff has not alleged the destruction of anything in her home. Plaintiff's bald allegation that officers left an apartment "ransacked" does not state a constitutional violation where, as here, the Plaintiff has "presented no evidence that the officers wantonly damaged or destroyed property or conducted the search in a manner inconsistent" with finding the items named in the search warrant they were executing. Martin v. Rodriguez, 154 F. Supp. 2d 306, 315 (D. Conn. 2001) (quoting Lewis v. City of Mount Vernon, 984 F. Supp. 748, 756 (S.D.N.Y. 1997)).

7

Plaintiff has also alleged, without providing any specifics, that during the search, the Defendant Officers "pushed [her] around." (Pl. Aff. ¶ 7)  However, Plaintiff's deposition testimony reflects only that an officer patted her down, and that Plaintiff then remained sitting on her couch for the remainder of the search.  (Pl. Dep. at 55-56, 62) ("[M]y oldest son was sitting on the couch right there, so I was going to sit beside him and [the officer] said, before you sit, let me pat you down to see if you have any guns or a knife on you or whatever the case was.")

**IV.   Conclusion**

For the reasons stated herein, the Motion to Dismiss [Doc. No. 34] and the Motion for Summary Judgment [Doc. No. 36] are **granted.**   The Clerk shall close the case.

SO ORDERED.

Dated at New Haven, Connecticut, May  13 , 2009.

/S/
Peter C. Dorsey, U.S.D.J., District of Connecticut